# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDR DVORNIKOV, ANTONIO CARDONA, JOSEPH MCPHERSON, and JOSEPH QUINN, On behalf of themselves and all those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> LANDRY'S, INC., AND CHLN, INC., <br><br> Defendants. | No. 1:15-cv-13286-ADB |

## CLASS ACTION SETTLEMENT AGREEMENT

This class action settlement agreement ("Agreement") is entered into by Alexandr Dvornikov, Antonio Cardona, Joseph McPherson, and Joseph Quinn ("Plaintiffs"), on behalf of themselves and others similarly situated on the one hand, and Landry's, Inc. and CHLN, Inc. ("Defendants") (collectively, the "Parties") on the other, to voluntarily and completely settle and resolve the matter of *Dvornikov, et al. v. Landry's, Inc., et al.*, U.S. Dist. Court, Dist. Mass. Civil Action No. 1:15-cv-13286 (hereinafter the "Class Action" or the "Case").

### Recitals

A.   Plaintiffs filed a Complaint against Defendants in Suffolk County Superior Court on or about June 25, 2015. On September 3, 2015, Defendants timely removed Plaintiffs' Complaint to the U.S. District Court of Massachusetts. Plaintiffs filed a motion for leave to file another amended complaint, which was allowed, and Plaintiffs' Amended Complaint was filed on September 16, 2015.

B.  Plaintiffs have alleged that that Defendants violated Massachusetts wage and hours laws, including the state tipping law, M.G.L. c. 149, § 152A and the Massachusetts Minimum Fair Wage Law, M.G.L. c. 151, §§ 1 & 7, at the Chart House restaurant in Boston, Massachusetts. CHLN, Inc. owns and operates the Chart House restaurant. Plaintiffs claim that during the class period servers employed at the Chart House restaurant in Boston, Massachusetts shared gratuities as part of a tip pool that included Chart House employees, namely, hostesses, who they claim were not eligible to share in gratuities under the Massachusetts Tip law, M.G.L. c. 149, § 152A.

C.  Defendants deny all allegations and dispute that they have engaged in any wrongdoing. They contend that hostesses are "wait staff employees," as that term is defined by law, who are entitled to share tips. Nonetheless, after substantial discovery, dispositive motions, and a lengthy mediation facilitated by an experienced, disinterested professional mediator, the Parties have agreed to settle the Case on the terms identified in this Agreement. Taking into consideration the time, expense, and uncertainty associated with further litigation, as well as their knowledge of the facts in this case and the state of the law concerning tips and wages, the Parties have determined that the settlement set forth in this Agreement is fair, reasonable, and adequate. The terms of the Parties' preliminary agreement were set forth in a Memorandum of Understanding, dated on or about June 4, 2018.

**NOW,** with no admission of any substantive or procedural fact, claim or liability of Defendants, as a negotiated compromise, and in consideration of and in reliance upon the definitions, recitals, promises, terms, understandings and obligations set forth in this Agreement, Plaintiffs and Defendants hereby agree as follows:

## Definitions

The following terms are defined as follows for purposes of this Agreement:

A.  "Class Members" consists of members of a Federal Rule of Civil Procedure 23 class consisting of: "all individuals who have worked as servers at the Chart House restaurant in Boston, Massachusetts, at any time from June 25, 2012 to July 1, 2015, and who have remitted any portion of their tips to hosts through Defendants' tip share program."

B.  "Claim Period" for purposes of this Settlement shall be the time period between June 25, 2012 and July 1, 2015.

C.  "Court" means the United States District Court for the District of Massachusetts.

D.  "Effective Date" means the first business day following the date of Final Approval (as defined below).

E.  "Final Approval" means an order endorsed by the Court that finally and unconditionally grants Plaintiffs' Motion for Final Settlement Approval.

F.  "Gross Settlement Fund" means the cash amount of one million dollars ($1,000,000.00) to be paid by Defendants.

G.  "Parties" refers jointly to Plaintiffs and Defendants.

H.  "Plaintiffs" means Alexandr Dvornikov, Antonio Cardona, Joseph McPherson, and Joseph Quinn.

I.  "Plaintiffs' Counsel" or "Class Counsel" means Hillary Schwab and Brant Casavant, of the law firm Fair Work P.C., who shall serve as counsel for the Settlement Class.

J.  "Released Claims" means all actions, claims, demands, or causes of action which were asserted in this Case, or which arise out of the allegations in this Case, including but not

limited to claims for violations of the Massachusetts Tips Statute, M.G.L. c. 149, § 152A, and the Massachusetts Minimum Fair Wage Law, M.G.L. c. 151, §§ 1 and 7.

K.  "Settlement Administrator" means an organization, selected by Defendants, with the assent of Class Counsel, that shall be responsible for the administration of the settlement, including issuing notices, withholding and payment of taxes, issuance of tax and claim forms, maintaining a qualified settlement fund, and making distributions to the Settlement Class Members (as defined in sub-paragraph L) as authorized by the Court. The duties of the Settlement Administrator are defined in more detail below.

L.  "Settlement Class Members" means any Class Members who completely fill out and sign a valid Class Member Claim form, in a form agreed to by the Parties (and approved by the Court) and returned to the appointed Settlement Administrator by a deadline set by the Court.

**Settlement Terms**

1.  The Parties agree to cooperate to seek approval from the Court of this proposed class action settlement as follows:

    a.  Defendants have provided Plaintiffs' Counsel with the names, last known addresses, and dates of employment for all Settlement Class Members; Defendants shall supplement the list, if necessary, by July 16, 2018.

    b.  The Parties shall seek preliminary approval of the settlement at a hearing to take place on August 14, 2018. Plaintiffs' Counsel shall prepare and file a motion for preliminary class settlement approval and proposed class notice and claim form by no later than August 1, 2018, subject to approval by Defendants' counsel who shall have at least seven days prior to filing to review, revise and approve the motion for preliminary class settlement approval and proposed class notice and claim form. No later than ten

(10) days after Plaintiffs file the motion for preliminary class settlement approval, Defendants shall serve notice upon the appropriate state or federal officials pursuant to 28 U.S.C. § 1715(b);

 c. Within twenty-one (21) days of receiving notice of the preliminary approval of the class settlement by the Court, Defendants shall confirm to Plaintiffs' Counsel that they have provided Plaintiffs' Counsel with data showing the hours worked and reported gratuities for each Settlement Class Member for the periods of June 25, 2012 to July 1, 2015; Defendants will supplement their previous data submissions if necessary;

 d. The Settlement Administrator shall send the class notices and claim forms to all Settlement Class Members by first class mail within twenty-eight (28) days of receiving notice of the preliminary approval by the Court. The Settlement Administrator may resend returned notices to the Settlement Class Members providing notice and opportunity to opt out of the settlement, to object and providing notice of the final settlement approval hearing. In the event the Settlement Administrator receives returned notices due to incorrect or out-of-date addresses, the Settlement Administrator shall forward such returned notices and claim forms to any new or updated address that may become available. Such secondary notices will be sent only once per Settlement Class Member;

 e. The Parties shall seek final approval of the class settlement at a hearing to take place on or about November 9, 2018, subject to the Court's approval. Prior to that hearing, Plaintiffs' Counsel shall prepare and file a motion for final class settlement approval, subject to approval by Defendants' counsel who shall have at least ten days

prior to filing to review, revise and approve the proposed motion for final class settlement approval;

2. <u>Gross Settlement Fund</u>: Defendants shall pay the Gross Settlement Fund the total gross sum of $1,000,000.00 (one million dollars and zero cents) in consideration for the dismissal with prejudice of the Case and in full and complete satisfaction of the claims alleged by Plaintiffs, on behalf of themselves and the Settlement Class. Except as indicated herein, the Gross Settlement Fund shall represent Defendants' total obligation to Plaintiffs, the Settlement Class and their counsel, and shall include payments to Settlement Class Members, any incentive payment to Plaintiffs, and all attorneys' fees and costs. The Gross Settlement Fund shall not include the employers' share of payroll taxes or the cost of settlement administration. The Gross Settlement Fund shall be distributed, as scheduled in paragraph 6, as follows:

    a. Up to one-third of the Gross Settlement Fund ($333,333.33) in attorneys' fees and costs, which is subject to approval by the Court and shall be paid without deductions either by check or by wire transfer, and to be reported in an IRS Form 1099 at the appropriate time;

    b. Up to $10,000.00 as an incentive payment to Alexandr Dvornikov, which is subject to approval by the Court and shall be paid without deductions, to be reported in an IRS Form 1099 at the appropriate time;

    c. Up to $10,000.00 as an incentive payment to Antonio Cardona, which is subject to approval by the Court and shall be paid without deductions, to be reported in an IRS Form 1099 at the appropriate time;

   d. Up to $10,000.00 as an incentive payment to Joseph McPherson, which is subject to approval by the Court and shall be paid without deductions, to be reported in an IRS Form 1099 at the appropriate time;

   e. Up to $10,000.00 as an incentive payment to Joseph Quinn, which is subject to approval by the Court and shall be paid without deductions, to be reported in an IRS Form 1099 at the appropriate time;

   f. The remainder ("Net Settlement Fund") to the Settlement Class Members who timely submit the claim form included with the class notice according to the proportional formula described below.

  3. <u>Calculation of Settlement Shares</u>:  To the extent feasible, individual distributions to the Settlement Class Members shall be calculated based on a proportional formula that takes into account the Settlement Class Members' hours worked during the Claim Period and the amount of gratuities reported.  Plaintiffs' Counsel shall be responsible for calculating each Settlement Class Member's settlement shares, subject to review and approval by Defendants.  Defendants shall not withhold approval without reasonable cause.

  4. <u>Settlement Administrator</u>:  The Defendant shall retain the Settlement Administrator to serve as the administrator of the settlement and perform services including, without limitation, dissemination of notices to Settlement Class Members, distribution of fees and costs, distribution of awards from the Settlement Fund to Settlement Class Members, employer tax payments and tax reporting related to the settlement payments, and providing notices of the Parties' settlement to governmental authorities as required by law.  All disputes relating to the Settlement Administrator's ability and need to perform its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions

of this Agreement, until all payments and obligations contemplated by the Agreement have been fully carried out. Expenses of administering the Settlement, including all fees and costs (but not payroll deductions) paid to the Settlement Administrator shall be paid by the Defendant and shall not reduce the amount of the Settlement Fund payable to the Settlement Class Members. The Parties shall instruct the Settlement Administrator to prepare an estimate of fees and costs for all services to be provided in conjunction with the Settlement prior to the preliminary approval hearing. It shall be the responsibility of the Settlement Administrator to withhold the payroll deductions from the amounts payable to the Settlement Class Members, to pay the payroll taxes from the Settlement Fund, to prepare and deliver any necessary tax documentation for signatures by all necessary parties, and to cause the appropriate informational and other tax return filings to occur. All such payroll deductions and withholdings shall be paid from the Settlement Fund. The Settlement Administrator shall also discharge other duties as required under the terms of this Agreement. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in administration of the settlement. The Parties agree that the scope of the Settlement Administrator's duties shall include making timely, periodic reports to the Parties accounting for monies in the Settlement Fund (including all contributions, disbursements and tax withholdings) and the participation status of Settlement Class Members. The Settlement Administrator shall submit written verification that funds have been disbursed appropriately as required for the Parties to submit a certificate of completion as required in paragraph 10.

    5.    <u>Tax Treatment</u>: Payments to the Settlement Class Members shall be allocated one-third as wages subject to appropriate withholdings, for which the Settlement Administrator shall issue IRS Forms W-2, and two-thirds as liquidated or statutory treble damages, to be paid

as non-wage income for which the Settlement Administrator shall issue IRS Forms 1099. Defendants shall bear the employers' share of the payroll taxes as to the wage payments made to the Settlement Class Members, which shall be calculated by the Settlement Administrator and paid from the Settlement Fund. Settlement Class Members, Plaintiffs and Plaintiffs' Counsel shall be responsible for all other taxes.

   6. <u>Claims and Distribution Process</u>:  The Gross Settlement Fund shall be paid by Defendants in a single installment no earlier than January 7, 2019, or thirty (30) days after the Final Approval date, whichever is later. Subject to reasonable adjustment as agreed to by the Parties, each payment shall be distributed as set forth in paragraphs 2 (and its subparts) and 3 of this Agreement.

     a. The Settlement Administrator shall issue claim forms to all Class Members who would be bound by the Settlement of the opportunity to object and an opportunity to opt out of the settlement pursuant to and in compliance with Fed. R. Civ. P. 23(b)(3) and 23(c)(2).

     b. The Settlement Administrator shall provide periodically a list, in spreadsheet form, to the Class Counsel and Defendants' counsel identifying Class Members who have responded, opted out of the settlement, objected or failed to respond.

     c. Thirty (30) days before the Final Approval Hearing, the Settlement Administrator shall send a final list, in spreadsheet form, to Class Counsel and Defendants' counsel identifying Class Members who have responded, opted out of the settlement, objected or failed to respond. The Settlement Administrator shall also indicate the amounts to be issued to each Settlement Class Member who has timely submitted a valid claim form.

      d.      The Settlement Administrator shall distribute the Net Settlement Fund to the Settlement Class Members according to the final list, in spreadsheet form no later than fifteen (15) days after the Gross Settlement Fund has been received by the Settlement Administrator from Defendants.

      e.      To receive a share of the distribution from the Net Settlement Fund, Settlement Class Members must submit a valid claim form no later than 60 days after the notice and claim form are mailed. If a Settlement Class Member submits a late but otherwise valid claim form, the claim shall not be valid, unless the Parties agree, for good cause shown, to accept the late claim form, or determined otherwise by the Court.

      f.      Settlement Class Members will have one-hundred-eighty (180) days after the date of the initial mailing of the settlement checks to cash their checks. If any Class Member's settlement check is not cashed within that 180-day period, the check will be void. In such event, any Settlement Class Member whose check was not cashed will be deemed to have waived irrevocably any right or claim to his or her payment from the Settlement Fund, but the Settlement nevertheless will be binding upon the Class Member.

      g.      <u>Residual Funds</u>: All Net Settlement Funds that are not claimed by the deadline set forth in Paragraph 6(e) may be redistributed to the Settlement Class Members who submitted valid claim forms up to the individual maximum statutory recovery allowed, consistent with treble damages provision of M. G. L. c. 149, § 150. To the extent any residual funds remain following distribution (e.g., from uncashed checks and/or monies remaining after the actual distribution of settlement amounts after all valid claims are received), such residual funds shall be held for ninety (90) days to resolve any disputes that may arise. After that 90-day period has elapsed, all residual funds shall be

donated on a *cy pres* basis to a bona fide 501(c)(3) charitable organization to be selected by Defendants, which have designated the Houston Children's Charity.

        h.    <u>Reserve Fund</u>: The Parties reserve the right to set aside a reasonable amount from the Net Settlement Fund prior to distribution in order to resolve disputes and pay late claims, subject to approval by both Parties. Any unused portion of the reserve fund shall be donated on a *cy pres* basis as set forth in the preceding paragraph.

    7.    <u>Release of Claims</u>: As of the Effective Date, all claims for relief asserted in the Class Action in full and final settlement of all claims that have been or could have been made by Class Members alleged in the aforementioned Class Action including, without limitation, those relating to tip distribution and related payment of the minimum wage, pursuant to the Massachusetts tip law, minimum wage laws (M.G.L. c. 151, §1, et seq., and M.G.L. c. 149, §§ 148, 152A and 150), and any other related or subsidiary claims shall be dismissed with prejudice and on the merits, with all rights of appeal waived. Such dismissal shall be without costs to any Party. Plaintiffs represent, agree, and acknowledge that the consideration to be provided under the terms of this Agreement is being provided to settle, extinguish and release all of the Plaintiffs' claims asserted in the Class Action, and that except for the consideration provided under the terms of this Agreement, Plaintiffs would not otherwise receive such relief and/or recovery under any of Defendants' policies, plans, practices and/or procedures or pursuant to any prior agreement or contract (written or oral, express or implied).

        a.    <u>Limited Release as to Class Members</u>: As of the Effective Date, and by operation of the Final Approval, the Class Members shall be deemed to have released, dismissed, and forever discharged Defendants of the Released Claims.

      b.      <u>General Release as to Plaintiffs</u>: As of the Effective Date, Plaintiffs shall be deemed to have released and discharged Defendants of any and all charges, complaints, claims, or causes of action of any nature whatsoever, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or have existed upon any theory of law or equity now existing or concerning the existence in the future which he has, claims to have, ever had, or ever claimed to have had against Defendants through the date of execution of this Agreement. This general release includes any releasable claims under contract law, the regulations and the statutory and common law of any state, including the Commonwealth of Massachusetts, and any federal, state or local statute, ordinance or regulation including, without limitation, Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act, the Fair Labor Standards Act, the Massachusetts Fair Employment Practices Act, Massachusetts General Laws (including Chapter 151B), Massachusetts' wage and hour laws, including claims of retaliation and claims for treble damages and attorneys' fees under the Massachusetts Weekly Wage Payment Law (M.G.L. c. 149, §148), the Family and Medical Leave Act, and the Employee Retirement Income Securities Act, retaliation or whistleblower claims. Plaintiffs acknowledges that upon receipt of their proportional share of the Net Settlement Fund and incentive payments described in paragraphs 2(b), 2(c), 2(d), and 2(e), they have been paid in full and that Defendants owe them no other wages or compensation, including minimum wage or overtime pay. Nothing contained in this Agreement prevents Plaintiffs from cooperating with or participating in any investigation or proceeding before the Equal Employment Opportunity Commission or the Massachusetts Commission Against Discrimination. Plaintiffs shall not, however, be

entitled to receive any relief, recovery or monies in connection with any claim or action filed with and/or pursued by any such agency against Defendants relating to any released claim, regardless of who filed or initiated any such complaint, charge, or proceeding. Plaintiffs and Defendants agree that this general release does not apply to any rights or claims that, by law, cannot be waived.

8. <u>Court Approval</u>: This Agreement is conditioned upon approval by the Court. If the Court does not approve the terms of the Agreement described herein, the Parties shall cooperate to effectuate approval. If the Parties are unable to effectuate approval, after making diligent, good faith efforts, the Agreement shall become null and void, and the Parties shall be restored to their respective positions in the Case as they existed immediately prior to the execution of this Agreement.

9. <u>Bona Fide Dispute.</u> This is a Settlement of a bona fide disputed matter and no Party admits liability or wrongdoing.

10. <u>Certificate of Completion</u>: One hundred twenty days (120) days following the date of the final disbursement, the Parties will file with the Court a joint certification of completion of administration of the Settlement.

11. <u>Reasonable Settlement</u>: The Parties agree that the proposed allocation of the Settlement Fund among the Plaintiffs and the Settlement Class Members set forth in this Agreement is reasonable and that such payments constitute a fair allocation of the Settlement Fund. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

12. <u>Dismissal With Prejudice:</u> Upon the completion of the distribution of Settlement Fund and the filing of a joint certification of completion, this Class Action shall be dismissed with prejudice in its entirety with no further right of appeal.

13. <u>Governing Law and Jurisdiction of the Court</u>: All terms of the Parties' Agreement and the exhibits and schedules hereto shall be governed by and interpreted according to the Federal Rules of Civil Procedure and the laws of the United States and the Commonwealth of Massachusetts, regardless of its conflicts of laws. In addition, any dispute regarding the interpretation or validity of or otherwise arising out of this Agreement, or relating to the Case or the Released Claims, shall be subject to the jurisdiction of the Court, and the Plaintiffs, Settlement Class Members and Defendants agree to submit to the personal jurisdiction of the Court.

14. <u>Counterparts</u>: This Agreement may be executed in counterparts. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one Agreement. Facsimile, electronic or scanned signatures shall have the same effect as original signatures.

15. <u>Entire Agreement</u>: This Agreement constitutes the entire agreement between the Parties relating to the settlement and transactions contemplated hereby. All prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein. This Agreement supersedes all prior agreements and understandings among the Parties with respect to the settlement of the Case.

IN WITNESS WHEREOF, the Parties, and their counsel, have executed the Agreement effective this day, _____.

LANDRY'S, INC., AND CHLN, INC.

BY: _____
Steven L. Scheinthal, Esq.
Secretary and Vice President
CHLN, Inc.
Executive Vice-President,
General Counsel and Secretary
Landry's, Inc.

ALEXANDR DVORNIKOV, ANTONIO CARDONA, JOSEPH MCPHERSON, JOSEPH QUINN, AND ALL SIMILARLY, SITUATED PERSONS

BY: _____
Hillary Schwab, Esq.
Brant Casavant, Esq.
Fair Work, P.C.

DATE: _____

DATE: 7/10/18

BY: _____
Daniel S. Field
Morgan, Brown & Joy, LLP

DATE: _____

15