# Exhibit 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDR DVORNIKOV, <br> ANTONIO CARDONA, <br> JOSEPH McPHERSON, and <br> JOSEPH QUINN, <br> on behalf of themselves <br> and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> LANDRY'S, INC. and CHLN, INC. <br> d/b/a CHART HOUSE BOSTON, <br><br> Defendants. | Civil Action No. <br> 1:15-cv-13286-ADB |

## [PROPOSED] ORDER

Plaintiffs have filed an assented-to motion for final settlement approval (the "Motion"). They are requesting an order finally approving the parties' proposed class action settlement (the "Settlement") and dismissing with prejudice the above-captioned action (the "Action") in accordance with the parties' settlement agreement (the "Agreement"), which sets forth the terms and conditions for a proposed settlement of this matter and its dismissal with prejudice.

This Court held a preliminary approval hearing and granted preliminary approval of the Settlement on August 14, 2018.  This Court then conducted a final settlement approval hearing on November 16, 2018.  After that hearing and upon review of the Motion and its attendant exhibits, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. This Order incorporates by reference the terms and definitions used by the parties in the Agreement.  All terms used herein shall have the same meanings as those set forth in the Agreement.

1

2. For purposes of this Action, this Court has subject matter jurisdiction and, for purposes of the Settlement, this Court has personal jurisdiction over the Parties, including all Settlement Class members.

3. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and consistent with due process, this Court hereby approves the Agreement and finds the Settlement fair, reasonable, and adequate to the Settlement Class members. The Parties are directed to execute its terms.

4. Settlement Class members had the right to exclude themselves by way of the opt-out procedure and to submit objections to the Settlement. That procedure was detailed in a notice that the Court previously approved at the preliminary approval hearing on August 14, 2018. No Settlement Class member requested exclusion pursuant to that opt-out procedure and no Settlement Class member has submitted an objection.

5. This Court finds that the notice and claims process provided to Settlement Class members was the best notice practicable under the circumstances and fully satisfied the requirements of the Federal Rules of Civil Procedure, due process, and any other applicable laws.

6. This Court hereby dismisses this Action with prejudice on the merits and without costs (except as otherwise provided in the Agreement), subject to retention of jurisdiction to enforce the Settlement.

7. This Court approves, as part of the Agreement, an award of fees and costs to Plaintiffs' Counsel in the amount of $333,333. The Court further approves an incentive award of $10,000 to each of the four named plaintiffs, namely, Alexandr Dvornikov, Antonio Cardona, Joseph McPherson, and Joseph Quinn. These funds will be paid out of the Gross Settlement

Fund. The incentive awards shall be in addition to any claims the four named plaintiffs may have to obtain any monetary benefits available under the Agreement.

8. In addition, this Court finds the distribution for attorneys' fees and costs and incentive payments is appropriate based on the following factors:

    a. The Settlement provides substantial benefits for the Settlement Class.

    b. The requested award of attorneys' fees and costs is within the range of reasonable fees for similar class action settlements, including based on a lodestar cross-check.

    e. The Settlement was negotiated at arms' length and without collusion, following substantial discovery and briefing.

    f. The fees paid will not diminish any amount to be paid to Settlement Class Members.

9. The Court approves the proposed allocation and distributions of the Gross Settlement Fund as set forth in the Motion and the Agreement. The Court also orders that the payments be made pursuant to the schedule established in the Agreement.

10. The Court approves the designation of the Houston Children's Charity as the *cy pres* designee for any residual funds as defined in the Agreement.

11. Without affecting the finality of this Order in any way, this Court retains jurisdiction to implement the Agreement and to construe, enforce, and administer the Agreement and the Settlement. Plaintiffs' Counsel will continue in their role to oversee all aspects of the Agreement and Settlement.

12. If an appeal, writ proceeding or other challenge is filed as to this Order, and if thereafter the Order is not ultimately upheld, all orders entered, stipulations made and releases

delivered in connection herewith, or in the Agreement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Agreement.

IT IS SO ORDERED.

ENTERED this ____ day of November, 2018.

_____
The Honorable Allison D. Burroughs

4